UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JANET KNIGHT, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JAMES MICHAEL KNIGHT, DECEASED; JASON MARK KNIGHT, AND JANICE EAST Plaintiffs, Texas Residents. | § § § § § § § | |
| VS. | § § | CAUSE NO. _____ |
| SMITHKLINE BEECHAM CORPORATION, GLAXOSMITHLINE, LLC, and SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE Defendants. | § § § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs bring the following claims against Defendants and respectfully states:

## PARTIES

2. Plaintiffs, JANET KNIGHT, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JAMES MICHAEL KNIGHT, DECEASED, JASON MARK KNIGHT, AND JANICE EAST are residents of Gilmer, Texas and live within the Eastern District of Texas.

3. Defendant, SMITHKLINE BEECHAM CORPORATION is a corporation organizes and existing under the laws of the State of Pennsylvania with its principle place of business in Pennsylvania. This Defendant can be served with process by Certified Mail at 1 Frankline Plz # FP2335, Philadelphia, PA 19102.

4.     Defendant, GLAXOSMITHKLINE, LLC is a corporation organized and existing under the laws of the State of New Jersey with its principle place of business in New Jersey. This Defendant can be served with process by Certified Mail at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.     Defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE is a corporation organized and existing under the laws of the State of Pennsylvania with its principle place of business in Pennsylvania. This Defendant can be served with process by Certified Mail at 1 Frankline Plz # FP2335, Philadelphia, PA 19102.

## JURISDICTION AND VENUE

6.     The amount in controversy, exclusive of interesting costs, exceeds the minimum jurisdictional limits of this Court.

7.     Jurisdiction is proper in this Court as there is diversity of citizenship between the parties as provided by 28 U.S.C. § 1332.

8.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 as the Defendant had an agent or representatives in the Eastern District, and their contacts with the jurisdiction are so pervasive through the same and distribution of pharmaceuticals; and further, through its participation and profits from the sale of pharmaceuticals in this district, that it could reasonably anticipate being hailed into Court in the Eastern District of Texas. Moreover, venue is proper because the facts and circumstances giving rise to this claim occurred within this District and the Plaintiffs reside within this District.

## STATEMENT OF FACTS

9. Defendants are manufacturers and suppliers of pharmaceuticals. Defendants maintain a sales force in Texas and have sales representatives that routinely call on physicians located within the Eastern District of Texas.

10. Defendants have manufactured Avandia® (rosiglitazone maleate) since 1999. This product is used for controlling blood sugar in people with Type 2 diabetes. Defendants distributes and sold Avandia®, including the Avandia® ingested by JAMES MICHAEL KNIGHT in the Eastern District of Texas.

11. In 2002, the Avandia® warning label was strengthened to more clearly describe the cardiovascular risks, including the risk of fluid retention leading to congestive heart failure.

12. In August 2006, Defendants provided the FDA with meta-analysis of 42 Avandia® clinical drug trials suggesting short-term use might be linked to a 30 to 40 percent greater risk of heart attack and other cardiovascular events compared with other diabetes treatments or no therapy at all.

13. In November 2007, the FDA added a "black box" warning for heart attack risks to the Avandia® label and package insert.

14. In September 2010, the FDA announced strengthened restrictions on the use of Avandia® by patients with Type 2 diabetes who cannot control their diabetes on other medications.

15. JAMES MICHAEL KNIGHT first began taking Avandia® in April 2005.

16. On April 13, 2009, while taking Avandia®, JAMES MICHAEL KNIGHT suffered a myocardial infarction (heart attack) and died.

17.     Plaintiffs are the surviving spouse and children of JAMES MICHAEL KNIGHT; deceased.

## NEGLIGENCE

18.     Plaintiffs repeat and re-allege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

19.     It was the duty of the Defendant to use reasonable care in the manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Avandia®.

20.     Defendant was negligent in the following respects:

   a.   Failing to adequately and properly test and inspect Avandia® so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured, and sold;

   b.   Failing to utilize and/or implement a reasonably safe design in the manufacture of Avandia®;

   c.   Failing to manufacture Avandia® in a reasonably safe condition for which it was intended;

   d.   Failing to adequately and properly warn JAMES MICHAEL KNIGHT of the risks of complications from Avandia® when used in a manner for which it was intended;

   e.   Failing to adequately and properly warn JAMES MICHAEL KNIGHT of the risks of disease from Avandia® when used in a manner for which it was intended;

   f.   Failing to adequately and properly label Avandia® so as to warn JAMES MICHAEL KNIGHT of risks of complications;

   g.   Failing to adequately and properly label Avandia® so as to warn JAMES MICHAEL KNIGHT of the risks of cardiovascular events and death;

   h.   Manufacturing, selling, distributing, and/or prescribing Avandia®, a drug which constituted a hazard to health;

      i.      Manufacturing, selling, distributing, and/or prescribing Avandia®, a drug which caused adverse side effects; and

      j.      Other negligent acts and/or omissions.

21.    As a proximate result of Defendants' negligent acts and/or omissions, Plaintiffs have suffered compensatory and punitive damages in an amount to be proven at trial.

## STRICT PRODUCT LIABILITY

22.    Plaintiffs repeat and re-allege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

23.    Defendants manufactured a product, Avandia®, which was defectively designed, manufactured, and marketed.

24.    Prior to the time that Avandia® was used by JAMES MICHAEL KNIGHT, Defendants impliedly warranted to KNIGHT that Avandia® was of merchantable quality and safe and fit for the use for which it was intended.

25.    JAMES MICHAEL KNIGHT was unskilled in the research, design and manufacture of Avandia® and reasonably relied entirely on the skill, judgment and implied warranty of the Defendants in using Avandia®.

26.    Avandia® was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that it had dangerous propensities when put to its intended use and would cause severe injuries and death to the user.

27.    As a direct and proximate result of Defendants' breaches of warranties, JAMES MICHAEL KNIGHT was at an increased risk of myocardial infarction and death. Plaintiffs have suffered compensatory and punitive damages in an amount to be proven at trial.

28.    These various defects were a producing cause in Plaintiffs' damages alleged herein.

29. To the extent the Defendants claim any affirmative defense, presumption or other similar defense to these claims based on FDA approval of the subject drug or its warnings, Defendants withheld from or misrepresented to the United States Food and Drug Administration required information that was material and relevant to the performance of the drug and was causally related to the injuries and damages alleged herein.

## WRONGFUL DEATH AND SURVIVAL ACTION

30. This is a suit for injuries to and the wrongful death of JAMES MICHAEL KNIGHT. It is being brought pursuant to the provisions of §71.001, et seq and §71.021 of the Texas Civil Practice and Remedies Code, known as the Texas Wrongful Death Act, and Texas Survival Statute, respectively. Plaintiffs' cause of action is based on the negligence, strict product liability, and gross negligence of Defendants.

## DAMAGES

31. Plaintiffs would show that JAMES MICHAEL KNIGHT was fifty-one (51) years of age at the time of his death, and he had a long life expectancy which was at least 77.9 years according to the United States Life Tables.

32. The claim for damages resulting from the wrongful death of JAMES MICHAEL KNIGHT, is brought by his surviving wife and children.

33. The survival claim is brought by the estate of JAMES MICHAEL KNIGHT.

34. JAMES MICHAEL KNIGHT was a good and loving husband and father to his wife, JANET KNIGHT and children, JASON MARK KNIGHT and JANICE EAST.

35.     Plaintiffs depended on JAMES MICHAEL KNIGHT for care, comfort, guidance, counseling, companionship, society, affection, love, advice, and pecuniary contributions, all of which they have been deprived because of the conduct of Defendants.

36.     Further, Plaintiffs have suffered untold sorrow, anguish, and grief over the death of JAMES MICHAEL KNIGHT for which they seek just and adequate money compensation and damages.  In addition, Plaintiffs seek recovery for the physical pain and mental anguish JAMES MICHAEL KNIGHT suffered before his death.  Plaintiffs further sue for medical, funeral, and burial expenses, and for pre-judgment interest on all actual damages at the legal rate allowed by law.

## DAMAGES OF JANET KNIGHT

37.     Plaintiff, JANET KNIGHT, is the surviving wife of decedent, JAMES MICHAEL KNIGHT.  JANET KNIGHT has suffered damages in the past, as well as in the future, as follows:

   a.   Damages in the nature of pecuniary loss resulting from the death of her husband, JAMES MICHAEL KNIGHT.  These damages include the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value that Plaintiff, JANET KNIGHT, would, in reasonable probability, have received from JAMES MICHAEL KNIGHT had he lived.

   b.   Damages in the nature of loss of consortium and damage to the marital relationship.  These damages include the loss of benefits flowing from the love, comfort, companionship and society that JANET KNIGHT, in reasonable probability, would have received from JAMES MICHAEL KNIGHT, had he lived.

   c.   Damages in the nature of mental anguish.  These damages include the emotional pain, torment and suffering JANET KNIGHT experienced in the past and which, in reasonable probability, will suffer in the future, resulting from the tragic and untimely death of her husband, JAMES MICHAEL KNIGHT.


38. By reason of the above and foregoing, Plaintiff, JANET KNIGHT, has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## DAMAGES OF JASON MARK KNIGHT AND JANICE EAST

39. Plaintiffs, JASON MARK KNIGHT and JANICE KNIGHT are heirs of decedent, JAMES MICHAEL KNIGHT. JASON MARK KNIGHT and JANICE KNIGHT have suffered damages in the past, as well as in the future, as follows:

   a. Damages in the nature of pecuniary loss resulting from the death of their father, JAMES MICHAEL KNIGHT. These damages include the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value that JASON MARK KNIGHT and JANICE KNIGHT would, in reasonable probability, have received from JAMES MICHAEL KNIGHT had he lived.

   b. Damages in the nature of loss of consortium and damage to the parent and child relationship. These damages include the loss of benefits flowing from the love, comfort, companionship and society that JASON MARK KNIGHT and JANICE KNIGHT , in reasonable probability, JASON MARK KNIGHT and JANICE KNIGHT would have received from JAMES MICHAEL KNIGHT, had he lived.

   c. Damages in the nature of mental anguish. These damages include the emotional pain, torment and suffering he experienced in the past and which, in reasonable probability, JASON MARK KNIGHT and JANICE KNIGHT will suffer in the future, resulting from the tragic and untimely death of their father, JAMES MICHAEL KNIGHT.

40. By reason of the above and foregoing, JASON MARK KNIGHT and JANICE KNIGHT, as an heirs of decedent, JAMES MICHAEL KNIGHT, have been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## DAMAGES OF JANET KNIGHT, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JAMES MICHAEL KNIGHT, DECEASED

41.     The Estate of JAMES MICHAEL KNIGHT is represented by JANET KNIGHT.  As the Independent Administrator of the Estate of JAMES MICHAEL KNIGHT, Plaintiff, JANET KNIGHT, is entitled to collect on behalf of the Estate of JAMES MICHAEL KNIGHT, compensation for damages suffered by the Estate of JAMES MICHAEL KNIGHT, as follows:

   a.   As a direct and proximate result of the negligence, strict product liability, and /or gross negligence of Defendants, JAMES MICHAEL KNIGHT suffered fatal injuries. He suffered excruciating and debilitating pain and agony until succumbing to his injuries.  Plaintiff seeks recovery of the medical bills, damages for conscious pain, suffering and mental anguish; funeral and burial expenses.

   b.   JAMES MICHAEL KNIGHT was buried in a manner reasonably suitable to his station in life.  The Estate of JAMES MICHAEL KNIGHT is entitled to compensation for damages in the nature of the reasonable amount of expenses for funeral and burial for JAMES MICHAEL KNIGHT reasonably suitable for his station in life.

42.     By reason of the above and foregoing, Plaintiff, JANET KNIGHT as Independent Administrator of the Estate of JAMES MICHAEL KNIGHT, has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

43.     Further, and in addition to actual damages from Defendants, Plaintiffs sue these Defendants for exemplary damages in such amount as allowed by law.

44.     Plaintiffs seek all damages to which they are entitled at law and/or equity for the physical, emotional and/or economic damages with they have sustained since the incident, and the losses, which in reasonable probability, they will sustain in the future.

## **PRAYER**

45. Plaintiffs pray that upon a trial of this matter, they recover their damages alleged herein and expenses and court costs.

        Respectfully submitted,

        SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

        /s/M. Raymond Hatcher
        M. RAYMOND HATCHER
        State Bar No. 24002243
        ALAN J. ROBERTSON
        State Bar No. 24067952
        101 East Whaley Street
        P. O. Drawer 2909
        Longview, Texas 75606
        Telephone:  (903) 757-7000
        Facsimile:  (903) 757-7574

        GRIFFITH & SMOAK, P.C.

        /s/David B. Griffith
        DAVID B. GRIFFITH
        State Bar No. 08479300
        404 North Titus
        P.O. Box 864
        Gilmer, Texas 75644

        ATTORNEYS FOR PLAINTIFFS